# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| BRYAN ALAN LAMB #457015, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:15-cv-00018 |
| v. ) | |
| ) | |
| F/N/U HOWE, et al., ) | Senior Judge Haynes |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Bryan Alan Lamb, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against employees of South Central Correctional Facility, where he was previously housed, alleging violations of his federal rights. Plaintiff's claims arise from his fall due to water inside his cell.

According to his complaint, Plaintiff alleges that on January 21, 2015, inmates in the cell next door used their toilet to flood the floor, causing several inches of water to flow into his cell floor before correctional officers were able to turn off the water. Defendants Howe and Trafton mopped up all the water outside the cells. But Plaintiff alleges that when he asked the Defendants if he could have a mop to get rid of the water in his cell floor, they told him to use his blanket to dry his floor. Plaintiff alleges that he unsuccessfully tried several times to sweep the water out of his cell "using different items in [his] cell." He alleges that at 11 p.m., at least 4 hours after the floors were flooded, he was injured:

> I was getting off my bunk, and to avoid putting my feet into the toilet water on the floor I had to put my shoes on a different way. During that process my foot slipped and I fell back hitting my head on the pie hole inside the cell door busting my head open and with that happening that caused me to have 6 seizures.

(Docket Entry No. 1 at 5.) Plaintiff alleges that his injuries were treated at the Wayne County Emergency room, where he received 6 stitches. Plaintiff seeks $2 million in damages.

The complaint is before the Court for an initial review under the Prison Litigation Reform Act, ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e©. Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).

In the Sixth Circuit the dismissal standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs leave as is dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To determine whether the complaint states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir.

2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

To state a § 1983 claim, a plaintiff must allege plausible facts of: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Prison officials have a duty under the Eighth Amendment to protect prisoners from substantial risks to their safety. *Farmer v. Brennan*, 411 U.S. 825 (1994). However, "[a] prison official's duty ... is to ensure 'reasonable safety,'" not absolute safety. *Id.* at 844 (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). A prison official may only be held liable under § 1983 for acting with "deliberate indifference" to inmate health or safety, which requires proof that the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 834. "Deliberate indifference" is a higher

standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id.* at 837.

Here, the alleged threat to Plaintiff's safety was due to water on his cell floor. A wet cell floor is not a sufficiently grave threat to constitute a substantial risk of serious harm as required to violate the Eighth Amendment. *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) (finding no substantial risk of serious injury where inmate who fell and required 4 stitches alleged that prison officials knew of and deliberately refused to remedy wet floor). Federal courts have routinely found that slip and fall accidents on wet prison floors do not give rise to federal causes of action. *See, e.g., Reynolds v. Powell*, 370 F.3d 1028,1031 (10th Cir. 2004) (slippery condition arising from standing water in prison shower was not a condition posing a substantial risk of serious harm as required under the Eighth Amendment, even though inmate was on crutches and had warned prison employees that he was at heightened risk of falling); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Marsh v. Jones*, 53 F.3d 707, 711–12 (5th Cir. 1995) (inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."). *See also Bacon v. Carroll*, 232 F. App'x 158, 160, 2007 WL 1244353 (3rd Cir. Apr. 30, 2007) (prisoner's assertion that prison officials failed to warn him of wet floor stated

-4-

claim of mere negligence and not constitutional violation); *Bell v. Ward*, 88 F. App'x 125, 127, 2004 WL 260284 (7th Cir. Feb. 6, 2004) (accumulation of water on the floor due to prison officials' oversight shows, at most, that jail officials were negligent); *Beasley v. Anderson*, 67 Fed. Appx. 242, 2003 WL 21108537 (5th Cir. Apr. 22, 2003) (prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); *Lefall v. Johnson*, 48 Fed. Appx. 104, 2002 WL 31017045 (5th Cir. Aug. 20, 2002) (prisoner's claim that he suffered a back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983); *Davis v. Corrections Corp. of Am.*, 2008 WL 539057 (N.D. Fla. Feb. 22, 2008) (plaintiff's allegations that he slipped and fell due to water on the floor from a leaking toilet resulting in injury to his leg failed to state an Eighth Amendment violation).

Plaintiff may have state law claims, but Plaintiff's allegations do not state a claim for relief under § 1983. For these reasons, this action should be dismissed with prejudice for failure to state a claim for which relief can be granted.

An appropriate Order is filed herewith.

ENTERED this the _23rd_ day of March, 2015.

WILLIAM J. HAYNES, JR.
United States District Judge